# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**DAVID PAXTON,**<br><br>**Defendant.** | **3:22-CR-30100-RAL**<br><br><br>**REPORT AND RECOMMENDATIONS ON DEFENDANT'S CHANGE OF PLEA** |

The above-captioned matter came on before the Court for a change of plea hearing on Wednesday, January 3, 2024.  Defendant, David Paxton, appeared in person and by his counsel, Robert Konrad, while Plaintiff, United States of America ("Government") appeared through Meghan Dilges , an Assistant United States Attorney.

Defendant consented in open court to the change of plea before the Court and  his consent was knowingly and voluntarily made.  The Government likewise consented to the Court taking Defendant's plea. Further, the parties waived their right to object to the report and recommendation.

Defendant has reached a plea agreement with the Government wherein he intends to plead guilty to Count 1 as contained in the Superseding Information .  Defendant is charged in Count 1 of the Superseding Information  with Abusive Sexual Contact with a Child in violation of 18 U.S.C. §§ 1152, 2244(a)(5) and 2246(3).  At the hearing, Defendant was advised of the nature of the charge to which he would plead guilty and the maximum penalty applicable, specifically:   any term of years up to life custody; 250,000 fine, or

both; at least 5 years, up to life supervised release; up to 5 additional years imprisonment if supervised release is revoked on any such revocation; $100 assessment; and restitution.

Upon questioning Defendant personally in open court, it is the finding of the Court that Defendant is fully competent and capable of entering an informed plea, that he is aware of the nature of the charged offense and the consequences of the plea, and that his plea of guilty to the offense contained in Count 1 of the Superseding Information is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. It is, therefore, the Court's recommendation that the guilty plea to Count 1 of the Superseding Information be accepted and that Defendant be adjudged guilty of that offense.

The Court having found, based on the findings made on the record, that exceptional reasons exist to justify Defendant's continued release and orders that Defendant shall remain released as previously ordered pending acceptance of the plea by the District Court. Thereafter, the Court recommends that Defendant be allowed to remain released pending sentencing.

DATED this 3rd day of January, 2024.

BY THE COURT:

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE